UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                )
UNITED STATES OF AMERICA,         )
                                                )
                 Plaintiff,           )
                                                )
v.                                                 )         Civil Action No. 16-10223
                                                )
CITY OF SOMERVILLE, MASSACHUSETTS    )
and COMMONWEALTH OF                 )
MASSACHUSETTS, HUMAN RESOURCES    )
DIVISION,                                         )
                                                )
                 Defendants.      )
_____)

## COMPLAINT

Plaintiff United States of America ("United States"), by and through its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, alleges the following:

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4334 ("USERRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

3. Venue is proper in this district under 38 U.S.C. § 4323(c) because both Defendants are located in, and do business within, this judicial district.

4. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this lawsuit occurred in this judicial district.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant City of Somerville ("City") is a corporate governmental body and a political subdivision of the Commonwealth of Massachusetts, established pursuant to the laws of Massachusetts. The City is an employer within the meaning of 38 U.S.C. § 4303(4)(A).

7. Defendant Commonwealth of Massachusetts Human Resources Division ("Commonwealth") is a necessary party pursuant to Fed. R. Civ. P. 19(a)(l)(A) in that, upon information and belief, the Court cannot provide complete relief in its absence as it administers promotional examinations for the City and establishes eligible lists upon which promotions are made.

## FACTUAL ALLEGATIONS

8. Sean Keane ("Keane") has been a member of the United States Marine Corps Reserve since 1989.

9. Keane began his employment with the City's fire department as a firefighter in 1996 and currently holds the rank of Lieutenant.

10. Keane was called to active duty military service from April 2, 2004 to September 25, 2013.

11. The first 24 months of Keane's deployment were made pursuant to U.S. Code, Title 10, Section(s) 12302 and/or 12301(d), while the later orders were made pursuant to U.S. Code, Title 10, Section 12301(d).

12. In total, Keane received seventeen (17) sets of orders, all of which stated that he had "been ordered to active duty … in support of the national emergency declared under Presidential Proclamation 7463 of 14 September 2001 and as prescribed in Executive Order 13223. Under the provisions of Title 38, United States Code Section 4312(c)(4)(A) and (B) this period of active

duty is exempt from the five-year cumulative service limitation on reemployment rights under title 38, United States Code, Chapter 43."

13. On or about March 11, 2002, then Secretary of the Navy, Gordon P. England issued a Memorandum stating that he had determined that "Navy and Marine Corps Reserve personnel voluntarily ordered to or retained on active duty (other than for training) in support of the national emergency declared under Presidential Proclamation 7463 of 14 September 2001, will have those periods of service exempted from the five-year limitation for reemployment rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. Chapter 43."

14. In the March 11, 2002 memorandum, Secretary England further noted that "Orders for appropriate Reserve personnel will be annotated as follows: 'You have been ordered to active duty from your residence in support of the national emergency declared under Presidential Proclamation 7363 of 14 September 2001.  Under the provisions of Title 38, United States Code, Section 4312(c)(4)(A) and (B) this period of active duty is exempt from the five year cumulative service limitation on reemployment rights under Title 38, United States Code, Chapter 43.'"

15. On November 17, 2012, while Keane was on active duty, a promotional examination for the position of Lieutenant was administered by the City and Commonwealth to firefighters.

16. On May 30, 2013, while Keane was on active duty, the 2013 Fire Lieutenant Civil Service List ("2013 List") was established by the Commonwealth for the City for purposes of selecting firefighters for promotion to Lieutenant.

17. On information and belief, the 2013 List was valid for 2 years and would have expired on or about May 30, 2015.

18. On September 25, 2013, Keane was Honorably Discharged from Active Duty.

19. On September 29, 2013, Keane returned to work as a firefighter for the City.

20. Following his return from active duty military service in September 2013, Keane contacted the City and Commonwealth and arranged to make-up the November 2012 Lieutenant's promotional exam that he missed while on active duty military service.

21. On or about May 16, 2014, Keane took the November 2012 makeup exam.

22. On June 16, 2014, Keane was notified he scored an 81 on the November 2012 makeup exam.

23. On June 17, 2014, the Commonwealth amended the 2013 List and placed Keane at the top of the list, above two firefighters who had already been promoted to Lieutenant on July 11, 2013.

24. On October 23, 2014, Keane was promoted by the City to Lieutenant.

25. Keane requested to be constructively promoted to Lieutenant as of July 11, 2013, the date he would have been promoted, based on his score and the June 17, 2014 Amended Fire Lieutenant Service List, had he not been away on military service.

26. The City rejected Keane's request to be constructively promoted as of July 11, 2013.

27. Had Keane been constructively promoted to Lieutenant as of July 11, 2013, he would have been eligible to take the Captain's promotional examination administered on November 15, 2014.

28. As a result of the City's refusal to constructively promote him as of July 11, 2013, Keane was deemed ineligible to take the 2014 Captain's promotional exam, or make-up exam.

29. The Collective Bargaining Agreement ("CBA") between the City and the Firefighters Association of Somerville, Local 76 Fire Suppression Unit provides for a $500 perfect attendance award, paid quarterly, for employees who are present for the full calendar year.

30. Keane returned to work on September 29, 2013 and had perfect attendance for the 4th quarter of 2013.

31. Keane requested the City provide him with a prorated perfect attendance award for the 4th Quarter of 2013 in the amount of $125.

32. The City denied Keane a prorated perfect attendance award for the 4th Quarter of 2013, asserting that an employee needs to be present for the full calendar year.

33. On information and belief, the City has provided a perfect attendance award for employees who take maternity leave or are required to serve jury duty, notwithstanding their absences.

34. On or about January 21, 2015, Keane filed a complaint with the Department of Labor ("DOL") alleging that his rights under USERRA were violated.

35. DOL's Veterans Employment and Training Service investigated the complaint, found that it had merit, and attempted to resolve the complaint informally.

36. On May 27, 2015, DOL referred Keane's complaint to the Department of Justice ("DOJ").

## COUNT I
### (violation of USERRA)

37. By its conduct, the City has violated 38 U.S.C. §§ 4312-13, among other ways, by:

a. failing to recognize and give full effect to Keane's retroactive promotion date to Lieutenant - the date he would have been promoted to Lieutenant but for his military service – thereby denying Keane proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service;

b. denying Keane the opportunity to take the November 2014 Captain's make-up promotional exam, thereby continuing to deny Keane proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service;

c. denying Keane non-seniority based benefits as are generally provided to employees having similar seniority, status, and pay who are on a furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of his service or established while he performs such service.

38. All conditions precedent to the filing of this suit have been performed or have occurred.

39. Keane's military leave between 2004-2013 was not subject to the five-year limitation for reemployment rights under 38 U.S.C. § 4312(a)(2).

## PRAYER FOR RELIEF

40. The United States prays that the Court enter judgment against the City and the Commonwealth and grant the following relief:

   a. declare that the City's failure to recognize and give full effect to Keane's constructive promotion to Lieutenant was in violation of USERRA;

   b. declare that the City's denial of Keane's request to take the November 2014 Captain's exam (or make up exam) was in violation of USERRA;

   c. order Defendants to comply with USERRA by:

   (1) constructively promoting Keane to Lieutenant-1 as of July 11, 2013 and Lieutenant-2 as of July 11, 2014 and awarding all lost wages and benefits due as a result of the promotions;

   (2) providing Keane with a makeup exam for the November 2014 Captain's promotional exam, including reasonable time to prepare for the exam;

   (3) interfiling Keane's score on the makeup Captain's promotional exam on the eligibility list that resulted from the November 2014 Captain's promotional exam;

   (4) should his score merit it, assigning Keane a promotion date that corresponds to that of others who took the November 2014 Captain's exam and achieved the same score; and

   (5) should his score merit it, constructively promoting Keane to Captain with all of the rights, benefits (including, but not limited to, backpay), and seniority that Keane would have enjoyed if he had been permitted to take the exam in November 2014 and had achieved the same score;

 d. award Keane prejudgment interest on the amount of lost wages and benefits found due; and

 e. award such additional relief as justice may require, together with the costs and disbursements in this action.

              Respectfully submitted,

              PLAINTIFF
              United States of America

              By its attorneys:

| | |
|---|---|
| CARMEN M. ORTIZ | VANITA GUPTA |
| United States Attorney | Principal Deputy Assistant Attorney General |
| District of Massachusetts | Civil Rights Division |
| | |
| */s/ Jessica P. Driscoll* | */s/ Jeremy P. Monteiro* |
| JESSICA P. DRISCOLL, BBO No. 655394 | DELORA KENNEBREW |
| *Assistant United States Attorney* | *Chief* |
| United States Attorney's Office | *Employment Litigation Section* |
| John Joseph Moakley U.S. Courthouse | ANDREW BRANIFF |
| One Courthouse Way, Suite 9200 | *Special Litigation Counsel* |
| Boston, MA 02210 | JEREMY P. MONTEIRO |
| Telephone: 617-748-3100 | *Trial Attorney* |
| Facsimile: 617-748-3969 | U.S. Department of Justice |
| E-mail: Jessica.Driscoll@usdoj.gov | Civil Rights Division |
| | Employment Litigation Section |
| | 601 D Street, N.W., Suite 4500 |
| | Washington, DC 20004 |
| | Telephone: 202-307-6230 |
| | Facsimile: 202-514-1005 |
| Dated: February 10, 2016 | E-mail: Jeremy.monteiro@@usdoj.gov |